Rex, J.‘
The sole question in this case is, to determine the rights and duties of the parties under the contract of December 7, 1853.
The court below charged the jury that under this contract, it was the duty of the plaintiff to build fences and keep the same in repair, as provided in the contract, “ and if he failed to do so, he would be responsible for all damages arising from such failure.” In this charge, we think the court correctly stated the effect of the contract; but the court further charged the jury, that “if from accident or casualty, and without the fault of the plaintiff, the fence was thrown down so that his stock got on the road and was injured, the plaintiff would not be liable, but the defendant would be liable under the terms of the first contract.”
In this instruction we think there was error. The plaintiff, for a valuable consideration, having contracted to build .and keep the fence in repair, was bound to do so, and was not entitled to recover for injury to his horse resulting from the insufficiency of the fence, although such insufficiency was caused by accident or casualty, and without the fault of the plaintiff.
The duty of the plaintiff, under his contract, was not merely to exercise reasonable care in maintaining the fence; but to build it and keep it in repair.
The defendant had a right to rely upon the faithful performance, of the contract on the part of plaintiff, and *127 was not liable for an injury to the plaintiff, resulting from the insufficiency of the fence, although such insufficiency was caused by accident or casualty, without proof showing that such injury was intentional, or the result of gross carelessness on the part of the servants and agents of the railroad company. The Cincinnati, Hamilton and Dayton Railroad Co. v. Watterson and Kirk, 4 Ohio St. 424.
The motion is granted, the judgments of the Court of Common Pleas and District Court reversed, and the cause •remanded to the Court of Common Pleas for further proceedings.
McIlvaine, C. J., Welch, White, and Gilmore, JJ., concurred. ,